# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| DONALD ROBINSON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:11-CV-3-CDL-MSH |
| | : 42 U.S.C. § 1983 |
| CORRECTIONS CORPORATION OF AMERICA, | : |
| Defendant. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION and RECOMMENDATION OF DISMISSAL

Plaintiff, Donald Robinson, presently an inmate at the Stewart County Detention Center in Lumpkin, Georgia, has filed the above styled Section 1983 action against the named Defendant. He is seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## PLAINTIFF'S COMPLAINT

In his Complaint, Plaintiff contends that on October 21, 2010, while incarcerated in the Stewart County Detention Center, he learned that a person to whom he had sent money to from his "detainee account" had died. (Compl. 5, ECF No. 1.) Plaintiff claims he was told that "the money was still open" and that he repeatedly asked officers of the Detention Center to put a hold on his money so that he could get it back. (*Id.*) He further claims that although the check has not been cashed, it cost him $13 to get the $250.00 returned to his account. Plaintiff seeks $25,000 in damages caused by the Defendants failure to get his money back, and requests an investigation of the staff members of the Stewart County Detention Center who were involved. (Compl. 6.)

## STANDARD UPON PRELIMINARY REVIEW

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

The court shall review, before docketing, if feasible or, in any event, as soon

as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Likewise, pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

**DISCUSSION**

In this case, Plaintiff fails to allege that any constitutional rights have been violated, he merely alleges that the Defendant Corporation's employees failed to assist him in retrieving funds from a check that he wrote to someone who died before cashing the check. As such, Plaintiff has failed to state a viable § 1983 claim, pursuant to the ruling in *Flagg Bros. v. Brooks,* as he has failed to allege any right, privilege, or immunity guaranteed by the Constitution, of which he has been deprived.

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED without prejudice for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 25th day of January, 2011.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE